UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAWANA JEFFER WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-2977 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff brings against the United States "this action for damages and sanctions arising from unauthorized surveillance, fraudulent activities, illegal surveillance, misuse of telecommunication devices, harassment, threats of violence, misuse of telephone facilities and equipment, misuse of electronic communication or interactive computer services, and visual surveillance." Compl., ECF No. 1 at 7. Plaintiff "seeks $100,000,000 in damages and sanctions against the United States of America for the alleged negligence and unlawful practices[,]" *id*., stemming from its "handling" of "the federal data breach and failing to protect citizens' biometric data," *id*. at 10.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.; *see* Fed. R. Civ. P.

8(a) (requiring a party seeking relief in the district court to plead facts that bring the suit within the court's jurisdiction). The United States is immune from suit save "clear congressional consent[.]" *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).

Plaintiff asserts that the Court "has jurisdiction over this action pursuant to 28 U.S.C. § 1331," Compl. at 7, which only confers in the district courts "Federal question" jurisdiction. "For a case to raise a federal question . . ., it must implicate some provision of substantive federal law." *Youkelsone v. FDIC*, 560 F. App'x. 4, 5 (D.C. Cir. 2014) (per curiam). Plaintiff has not plausibly invoked "the Constitution [or] laws . . .of the United States." 28 U.S.C. § 1331. Regardless, a "complaint may be dismissed on jurisdictional grounds when it is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Plaintiff's complaint fits the bill. Therefore, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: February 7, 2025       United States District Judge